IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAYMOND LINEBURG, | ) | |
| Plaintiff, | ) | Civil Action No. 7:16cv00273 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NORTHWEST REGIONAL | ) | |
| ADULT DETENTION CENTER, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Raymond Lineburg, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, against the Northwest Regional Adult Detention Center and Correctional Officer Ms. Cole. Having reviewed the complaint, I conclude that Lineburg has not stated a claim upon which relief may be granted and, therefore, will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Lineburg alleges that he "was punished for simply asking a question" and he "feel[s that his] constitutional right of freedom of speech has been violated." He also states that he "was disrespected by C/O Cole" when she told him to "shut [his] damn mouth." As relief, Lineburg states that he would "like to see Ms. Cole and the jail punished for violating [his] rights."

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted). Lineburg's allegations of a First Amendment violation are far too vague and conclusory to state a cognizable federal claim. Moreover, as the Northwest Regional

Adult Detention Center is not a "person" subject to suit under § 1983, Lineburg cannot maintain this action against the defendant detention center. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890 (E.D. Va. 1992). Based on the foregoing, I conclude that Lineburg has failed to state a § 1983 claim upon which relief may be granted and, therefore, will dismiss his complaint without prejudice.

**ENTER**: This 30th day of June, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

2

Case 7:16-cv-00273-NKM-RSB   Document 7   Filed 06/30/16   Page 2 of 2   Pageid#: 23